IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15 CV 3671 |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| NORTHWEST COLLECTORS, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Richard Lewis ("Plaintiff") brought suit against Defendant Northwest Collectors, Inc. ("Defendant"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). The debt arises from PRA Behavioral, LLC's ("PRA") medical treatment of Plaintiff. PRA later assigned Plaintiff's debt to Defendant, who then sought to collect the debt. Before the Court are the parties' cross-motions for summary judgment. This opinion addresses both parties' motions. For the following reasons, Plaintiff's motion is denied, and Defendant's motion is granted in part and denied in part.

**I. BACKGROUND**

The parties' pleadings in this case are meager. The Complaint entails merely sixteen paragraphs outside of the jurisdictional and party statements, covering four counts. Regarding the Local Rule 56.1 statements of facts, Plaintiff provides only eleven paragraphs pertaining to material facts, and Defendant pleads just ten additional facts. Furthermore, Plaintiff fails to comply with LR 56.1(b)(3) in his response to Defendant's statement of additional facts. Plaintiff states that all but one of Defendant's additional facts are "irrelevant," "undisputed," or both. Then, Plaintiff proceeds to set forth legal arguments attempting to establish the irrelevance of

many of Defendant's statement of additional facts. Irrelevance is not a basis upon which Plaintiff may present a dispute of material fact pursuant to LR 56.1; nor is Plaintiff's LR 56.1(b)(3) response the proper place to use legal arguments to undermine Defendant's position. Accordingly, the Court deems such facts undisputed and adopts Defendant's factual assertions.

Between June and October 2014, Plaintiff incurred debts with PRA for medical treatment. On or around February 20, 2015, the Bankruptcy Court for the Northern District of Illinois mailed a notice of Plaintiff's pending bankruptcy action to PRA. Defendant, however, disputes that PRA actually received such notice.

On March 16, 2015, PRA placed Plaintiff's debt for collection with Defendant, including Plaintiff's full name, date of birth, and social security number. Although the parties make no mention of additional information housed within the identification materials, the document also entails notations regarding what appear to be Plaintiff's bankruptcy status and bankruptcy attorney. However, the meanings of these notations are not clearly self-evident, and the parties provide no elaboration to elucidate the context. Defendant never performed or attempted to perform a bankruptcy scrub to determine whether Plaintiff had filed for bankruptcy. However, Defendant's 30(b)(6) witness represented that Defendant has an agreement with PRA, which provides that PRA will not refer debtors in bankruptcy and will immediately notify Defendant upon obtaining knowledge that an account is subject to bankruptcy or discharge in bankruptcy.

On March 18, 2015, Defendant mailed a collection letter to Plaintiff. When Plaintiff received Defendant's letter referencing the PRA debt, Plaintiff knew that his bankruptcy petition listed the PRA debt. After receiving Defendant's collection letter, Plaintiff was concerned about extra fees to his bankruptcy attorney if the attorney were to amend the bankruptcy filings to reflect the debt to Defendant. Additionally, Plaintiff relayed Defendant's letter to his bankruptcy

attorney, who responded that he "would take care of it." Def.'s Additional Statement of Material Facts ¶ 6, Ex. 4, Trans. p. 15:17-21 (internal quotations omitted). Although Plaintiff feared paying additional attorney fees, Plaintiff was aware that his bankruptcy proceedings fell under Chapter Seven, which is a liquidation of all debts listed in the bankruptcy petition. Accordingly, Plaintiff also knew that any debt listed in that bankruptcy filing would be discharged and that he would no longer be liable for repayment of listed debts. The pleadings do not present evidence indicating that the bankruptcy proceedings have been completed.

Plaintiff asserts that on May 21, 2015,[1] Defendant sent to PRA a letter notifying PRA of Plaintiff's claims. Defendant contends, and deposition testimony and letter itself reflect, that Plaintiff's claims are not enumerated in that letter. Instead, the letter attached as an exhibit merely explains that Defendant had the accounts in its system, PRA should refer all contacts to Defendant, debtors may send payments directly to PRA, and PRA must notify Defendant of any bankruptcy notifications or disputes received in order for Defendant to comply the FDCPA.

The parties fail to elucidate in their statements of fact how or when Defendant actually acquired knowledge of Plaintiff's bankruptcy. Deposition testimony, however, reflects that Defendant learned of Plaintiff's bankruptcy when Defendant contacted Plaintiff by phone. During that call, Plaintiff stated that he was filing Chapter Seven bankruptcy and volunteered his bankruptcy attorney. After learning of Plaintiff's bankruptcy, Defendant updated Plaintiff's account to reflect his status as bankrupt. According to Defendant, it took no further collection efforts after it changed Plaintiff's account status.

In Count I, Plaintiff invokes 15 U.S.C. § 1692e(2), alleging that Defendant sent him a collection letter seeking to collect a debt that Defendant knew or should have known was part of

---

[1] Defendant attaches deposition testimony explaining that the letter is dated May 21, 2015 for purposes of the software Defendant uses. Defendant claims that, per its policy, it would have sent an acknowledgment letter on May 17, 2015.

3

Plaintiff's bankruptcy filings. In doing so, Defendant allegedly misrepresented the status of the debt. Count II sets forth an infraction of § 1692e(10) for allegedly falsely representing to Plaintiff that it could collect a debt that Defendant knew or should have known was included in Plaintiff's bankruptcy proceedings. Count III alleges that Defendant's attempt to collect the debt was unfair and unconscionable in violation of § 1692f because Defendant knew or should have known the debt was included in Plaintiff's bankruptcy. Finally, in Count IV, Plaintiff points to § 1692c(a)(2), claiming that Defendant violated the FDCPA because Defendant communicated directly with Plaintiff despite his retention of counsel concerning the debt. Both parties move for summary judgment on all four counts.

## II. DISCUSSION

### A. Standard of Review

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Northfield Ins. Co. v. City of Waukegan, 701 F.3d 1124, 1128 (7th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Wells v. Coker, 707 F.3d 756, 760 (7th Cir. 2013) (internal quotation marks and citation omitted). "On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The general standards for summary judgment are unaltered by cross summary judgment motions: the Court "construe[s] all facts and inferences therefrom in favor of the party against whom the motion under consideration is made." Selective

Ins. Co. of S.C. v. Target Corp., No. 16-1669, 2016 WL 7473786, at *2 (7th Cir. Dec. 29, 2016) (citation and quotation marks omitted).

**B. Claims Regarding Defendant's Attempts to Collect Debts Subject to Plaintiff's Bankruptcy**

The Court first addresses Counts I, II, and III, which all relate Defendant's attempts to collect debt subject to Plaintiff's bankruptcy. Plaintiff invokes three FDCPA provisions FDCPA: (1) § 1692(e)(2); (2) § 1692e(10); and (3) § 1692f. Section 1692e bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of nay debt." Hyman v. Tate, 362 F.3d 965, 967 (7th Cir. 2004) (quoting 15 U.S.C. § 1692e) (internal quotation marks omitted). In particular, § 1692e(2) proscribes the false representation of, *inter alia*, "the character, amount, or legal status of any debt. . . ." Section 1692e(10) disallows "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Finally, §1692f holds debt collectors liable for the "use of unfair or unconscionable means to collect or attempt to collect any debt."

**1. Plaintiff's § 1692e Claims**

Section 1692e "forbids a debt collector (which the defendant is) to 'use any false, deceptive, or misleading representation . . . in connection with the collection of any debt." Muha v. Encore Receivable Mgmt., Inc., 558 F.3d 623, 625 (7th Cir. 2009) (quoting 15 U.S.C. § 1692e). First, Plaintiff asserts that he is entitled to summary judgment on the basis that Defendant attempted to collect a debt within Plaintiff's bankruptcy petition. Plaintiff states that, by doing so, Defendant misrepresented the legal status of the debt in violation of § 1692e(2) and used a false representation or deceptive means to attempt to collect the debt in violation of § 1692e(10). Plaintiff's opening brief is inordinately threadbare to the point that he never cites

5

§ 1692e beyond the first paragraph of his introduction. Plaintiff, without citing to any particular portion of the opinion, declares that Ross v. RJM Acquisitions Funding, LLC, 480 F.3d 493 (7th Cir. 2007) compels this Court to grant summary judgment in his favor. The Court declines to adopt Plaintiff's woefully undeveloped position. See Weinstein v. Schwartz, 422 F.3d 476, 477 n. 1 (7th Cir. 2005); Mahaffey v. Ramos, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").

Moreover, the Ross court did state that when debts are discharged in bankruptcy, debt collectors' efforts to collect such debts run afoul of the law, but even a generous construal of Plaintiff's argument falls far short. 480 F.3d at 495. Plaintiff fails to provide any discussion whatsoever regarding the concerns underpinning the court's statement of that proposition. In Ross, the court outlined two potential dangers: (1) that letters seeking to collect debts discharged in bankruptcy create the danger that debt collectors might continue to bombard debtors with these letters, believing that the debtor may not realize the debt was discharged; or (2) the debtor might believe the debt cannot be discharged in bankruptcy. Id. Where either of these concerns is present, an FDCPA plaintiff would necessarily have been deceived or misled.

Indeed, the Seventh Circuit has held that a false statement alone cannot automatically trigger liability under the FDCPA. Ruth v. Triumph Partnerships, 577 F.3d 790, 799 (7th Cir. 2009). An FDCPA plaintiff, instead, "bears the burden of proving that even a false statement would mislead or deceive the unsophisticated consumer." Id. at 800 (citing Wahl v. Midland Credit Management, 556 F.3d 643 (7th Cir. 2009)); accord Muha, 558 F.3d at 627 ("[the plaintiff contends[] the only determination for the court is whether the statement is in fact false.... That could not be further from the truth.... If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense."); Hahn v.

6

Triumph P'ships LLC, 557 F.3d 755, 757 (7th Cir. 2009). Plaintiff's Complaint does not allege, nor does his brief discuss, that Defendant's letter would mislead or deceive a person when examined from the "standpoint of an unsophisticated consumer[,] . . . [a] debtor [who] is uninformed, naïve, or trusting . . . with rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences."[2] Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 564 (7th Cir. 2004) (internal citations and quotations omitted). Accordingly, summary judgment in favor of Plaintiff is not appropriate on his claims pursuant to § 1692e.

The Court turns to Defendant's motion for summary judgment on Plaintiff's § 1692e claims. Defendant states that "[s]ummary judgment should be entered for [Defendant] because Plaintiff was not deceived or misled by [Defendant's] letter." Def.'s Mem. in Resp. and Cross Mot. for Summ. J. at 3. In support of that assertion, Defendant argues that Plaintiff admitted at his deposition that he knew that: (1) the debt at issue was subject to his bankruptcy proceedings; (2) he was concerned that he would incur additional fees with his bankruptcy attorney (and not Defendant) in order to amend his bankruptcy to reflect the addition of a debt to Defendant; (3) he understood that his Chapter Seven discharge would liquidate all debts listed in his bankruptcy petition; and (4) he understood that any debt listed in his bankruptcy (including this debt) would be discharged and no longer owing via debt collection.

Notably absent from Defendant's brief, however, is any reference to whether Defendant's communication seeking to collect the debt would mislead or deceive the objectively unsophisticated consumer. In order to prevail at the summary judgment stage, Defendant must demonstrate that the dunning letter would not mislead or deceive the unsophisticated consumer; whether the communication subjectively misled or deceived Plaintiff is of no moment. Bartlett

---

[2] Even if a subjective standard were to apply, Plaintiff's Complaint and brief fail to demonstrate that he was subjectively misled or deceived.

7

v. Heibl, 128 F.3d 497, 499, 501 (7th Cir. 1997) (when seeking statutory damages, the "penalty does not depend on proof that the recipient of the letter was misled . . . All that is required is proof that the statute was violated")[3] ("Although the question whether a dunning letter violates the Fair Debt collection Practices Act does not require evidence that the recipient *was* confused—or even . . . whether he read the letter—the issue of confusion (or more precisely, of 'confusingness') is for the district judge to decide. . . .") (emphasis in original); see also Gruber v. Creditors' Prot. Serv., Inc., 742 F.3d 271, 273 (7th Cir. 2014) ("Claims brought under the Fair Debt Collection Practices Act are evaluated under the objective 'unsophisticated consumer' standard.") (internal citation omitted); Tourgeman v. Collins Fin. Servs., Inc., 755 F.3d 1109, 1117–18 (9th Cir. 2014), as amended on denial of reh'g and reh'g en banc (Oct. 31, 2014) ("An FDCPA plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* "least sophisticated debtor" likely would be misled.") (emphasis in original) (internal citations omitted).

Here, Plaintiff's debts were listed in his bankruptcy petition, yet Plaintiff still received collection communications from Defendant. An unsophisticated consumer might be confused as to why he received communications seeking the debt outside of the bankruptcy proceedings or the manner in which the discharge must occur—through bankruptcy, debt collection, or perhaps both. The Court finds that Defendant's letter could have confused or deceived an unsophisticated consumer in these circumstances. On this basis, Defendant is not entitled to summary judgment as to Plaintiff's § 1692e claims.

In the alternative, Defendant argues that, even if it could be held liable for violating the FDCPA, the bona fide error defense absolves it of liability and entitles it to summary judgment.

---

[3] Plaintiff in this case prays for relief in the form of statutory damages in addition to actual damages and attorney fees.

8

Section 1692k(c) of the FDCPA provides that: "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c); Hyman, 362 F.3d at 967. Put otherwise, a defendant must show that: (1) the presumed FDCPA violation was not intentional; (2) the presumed FDCPA violation resulted from a bona fide error; and (3) the defendant maintained procedures reasonably adapted to avoid any such error. Kort v. Diversified Collection Servs., Inc., 394 F.3d 530, 537 (7th Cir. 2005) (internal citation omitted).

Here, Defendant fails to establish the third prong. Defendant argues that Hyman compels this Court to apply the bona fide error defense. Defendant states that it had two procedures in place that, taken together, Hyman condoned as reasonably adapted to avoid the erroneous attempts to collect a debt in bankruptcy. Namely, Defendant states that (1) it had an agreement with PRA that it would not knowingly provide Defendant with a discharged debt and that PRA would immediately notify Defendant should PRA discover a forwarded debt was otherwise discharged; and (2) Defendant would immediately cease collection efforts after receiving notification that the debt was discharged. While true that Hyman affirmed a bench trial finding that these two measures justified the application of the bona fide error defense, 362 F.3d at 968, it is not clear at the summary judgment stage of this case that Defendant followed such measures. Plaintiff's deposition testimony evinces uncertainty as to whether Defendant continued to contact Plaintiff after he had informed Defendant that he had filed for bankruptcy. Similarly, Defendant's pleadings do not make clear whether the telephone call in which Defendant learned of Plaintiff's bankruptcy proceedings occurred before or after the written communication.[4]

---

[4] Defendant's statement of additional facts explains that Defendant has a policy in place that prevents Defendant from further collection activity on Plaintiff's account once it learns of a debtor's bankruptcy. The Court deemed this

9

Viewing the record in the light most favorable to plaintiff, as the Court must on consideration of Defendant's summary judgment motion, factual issues remain as to whether Defendant maintained and complied with procedures reasonably adapted to avoid its erroneous collection efforts. Thus, summary judgment is not appropriate.

### 2. Plaintiff's § 1692f Claims

Plaintiff asserts that Defendant violated § 1692f. The Complaint does not invoke a specific subsection of § 1692f. Additionally, Plaintiff's brief merely provides a cursory citation to § 1692f(1) for the proposition that the FDCPA prohibits "the collection of any amount [of debt] that is not permitted by law." Pl.'s Mem. in Supp. of Mot. for Summ. J. at 1. Plaintiff also states that "collecting bankruptcy debt is not permitted by law in violation of 15 U.S.C. § 1692f(a)." Id. at 4. Plaintiff cites no case law and erroneously cites § 1692f(a), which does not even exist. Additionally, the word "bankruptcy" is conspicuously absent from the entirety of § 1692f. As Defendant points out, Plaintiff fails to set forth anything whatsoever in the evidentiary record that would support a finding of unfairness or unconscionability. See Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) (citing Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)) ("[S]ummary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.") (internal quotations omitted); see also Weinstein, 422 F.3d at 477 n. 1 (7th Cir. 2005) ("His treatment of the matter in his opening brief is cursory... The failure to develop an argument constitutes a waiver."). Accordingly, summary judgment in favor

---

fact admitted on the basis of Plaintiff's failure to properly respond pursuant to LR 56.1. However, the pleadings do not make clear whether Defendant followed the policy because the parties do not point to the date on which the parties held the phone call in which Plaintiff informed Defendant of his bankruptcy proceedings and bankruptcy attorney.

10

of Plaintiff is not appropriate because "the evidence is such that a reasonable jury could return a verdict for" Defendant. Liberty Lobby, Inc., 477 U.S. at 248.

Defendant moves for summary judgment on the basis that Plaintiff cannot, as a matter of law, establish any unfair or unconscionable efforts by Defendant to collect the debt at issue. The Seventh Circuit has made explicit "that § 1692f, which prohibits a debt collector from using 'unfair or unconscionable means to collect or attempt to collect any debt,' is not violated where a collector merely mails a letter to a consumer, noting that a debt had been referred to it for collection, even though the debt had previously been discharged in bankruptcy." Hyman, 362 F.3d at 966 n. 3 (citing Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 997-98 (7th Cir. 2003)). Here, Plaintiff states that Defendant mailed a collection letter to Plaintiff on or around March 18, 2015. Plaintiff's Local Rule 56.1 Statement of Facts ("SOF") ¶ 9; Id., Ex. G. That collection letter sought to recover a debt already included in Plaintiff's bankruptcy proceedings. Review of the letter reveals that Defendant did no more than inform Plaintiff that PRA had placed the delinquent account for collection and explain to Plaintiff his opportunity to dispute the debt. Plaintiff has not pointed to any other particular communication that might establish unfair or unconscionable attempts to collect this debt, nor has he invoked any subsections of § 1692f, other than § 1692f(1) as set forth above, which enumerate proscribed conduct that may rise to the level unfairness or unconscionability. Thus, Plaintiff's claim pursuant to § 1692f must fail, and Defendant is therefore entitled to summary judgment on Count III. Having so found, the Court does not reach Defendant's assertion of its entitlement to the bona fide error defense with respect to Plaintiff's § 1692f claims.

## B. Claim Regarding Defendant's Communication with Plaintiff Despite Plaintiff's Retention of Counsel

Section 1692c(a)(2) proscribes debt collectors from directly communicating with a consumer in connection with any debt where the debt collector knows that the consumer has retained an attorney with respect to the debt, and the debt collector can readily ascertain the attorney's name and address. Plaintiff argues, in two scant paragraphs without a single citation to case law from within this circuit,[5] that Defendant violated the aforementioned code provision by communicating directly with Plaintiff, rather than his lawyer. Plaintiff asserts that PRA received notice of Plaintiff's bankruptcy account for collection with Defendant, so Defendant would have known about Plaintiff's retention of a bankruptcy attorney. Not only does Defendant dispute the veracity of this fact, but the Seventh Circuit has stated that the FDCPA does not regulate creditors' activities at all, so "[c]ourts do not impute to debt collectors other information that may be in creditors' files…" Randolph v. IMBS, Inc., 368 F.3d 726, 729 (7th Cir. 2004). Because Plaintiff fails to demonstrate Defendant's knowledge of Plaintiff's attorney or that the attorney's contact information was readily ascertainable, Plaintiff's motion for summary judgment as to his § 1692c(a)(2) claim must fail.

Defendant also moves for summary judgment on the § 1692c(a)(2) action. Defendant asserts that it ceased all contact with Plaintiff after Plaintiff told Defendant of his bankruptcy and his attorney's contact information and Plaintiff's claim thus fails as a matter of law. In support thereof, Defendant directs the Court's attention to Henderson v. Nationstar Mortg., LLC, No. 1:14-CV-8194, 2015 WL 2375258, at *2 (N.D. Ill. May 15, 2015). In that case, the district court found that notice of bankruptcy does not trigger a duty requiring a debt collector to cease

---

[5] Plaintiff provides just a single case—which comes from the Eastern District of Missouri—in support of his argument. The argument is so threadbare that it supplies only a one sentence statement of the proposition that a bankruptcy attorney suffices to satisfy attorney representation requirement pursuant to § 1692c.

12

communications. Id. That case, however, dealt with a claim pursuant to § 1692c(c), rather than § 1692c(a)(2)—the provision at issue in this case. Id. The plain language of the provision at issue in Henderson makes clear that it only governs the responsibilities of debt collectors subsequent to written notification by a consumer of the refusal to pay a debt or the wish for cessation of further communications from the debt collector. The Henderson court reasoned, based on the plain language of *§ 1692c(c)*, the text did not require a debt collector to cease communications due to a notice of bankruptcy. Id. (emphasis added). Thus, as opposed to §1692c(a)(2), § 1692c(c) does not address a debt collectors' duty in the first instance to not communicate directly with a consumer when represented by counsel. Therefore, the case is inapposite.

Aside from its cessation of communications, Defendant's argument for summary judgment rests on Defendant's assertions that it was not listed on Plaintiff's bankruptcy petition and never received notice of Plaintiff's bankruptcy. The pleadings, however, reveal that the materials that PRA provided to Defendant on March 16, 2015 containing Plaintiff's name, date of birth, and social security number also include notations that appear to be related to the filing of Plaintiff's Chapter Seven bankruptcy. Alongside the bankruptcy notation, the document makes reference to an attorney. However, the document is not identified, nor is the exact meaning of the notations clear—unfortunately the parties provide no elaboration with respect to this issue. Furthermore, the facts show that Defendant may have known from information outside of the bankruptcy filings that Plaintiff had retained counsel with respect to the debt at issue. Indeed, Defendant's deposition testimony indicates that it learned of Plaintiff's attorney through a phone call with Plaintiff. The facts, however, do not illustrate when that call took place—before or after Defendant contacted Plaintiff directly to collect the debt. Consequently,

13

genuine issues of material fact remain with respect to whether Defendant knew that Plaintiff had retained counsel. A reasonable jury could return a verdict for Plaintiff, so Defendant is not entitled to summary judgment.

### III. CONCLUSION

There is a genuine dispute of material fact with respect to Plaintiff's claims in Counts I, II, and IV of the Complaint. With respect to Counts I and II, which implicate § 1692e, both parties failed to address whether Defendant's debt collection letter would mislead or deceive the objectively unsophisticated consumer. Under the undisputed facts of the case at this juncture, neither party can establish whether Defendant, prior to its first communication to Plaintiff, knew that Plaintiff had retained counsel. Consequently, Counts I, II, and IV proceed.

As to Count III alleging a violation of § 1692f, the Seventh Circuit has made clear that a claim pursuant to this provision cannot proceed where a debt only mails a letter despite the debt's inclusion in bankruptcy proceedings. That is the circumstance in this case. Therefore, Count III must fail. For the reasons set forth above, Plaintiff's motion for summary judgment is denied, and Defendant's motion for summary judgment is granted in part and denied in part.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: January 25, 2016